UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | NO. | 1:08-00002 |
| | ) | | JUDGE ECHOLS |
| MICHAEL COREY GOLDEN | ) | | |

## PETITION TO ENTER A PLEA OF GUILTY

I, MICHAEL COREY GOLDEN, respectfully represent to the Court as follows:

(1) My true full name is Michael Corey Golden. I was born on November 24, 1985, and completed 11 years of formal education.

(2) My lawyer is Mike Flanagan.

(3) I have received a copy of the superseding indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the indictment.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the superseding indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offenses with which I am charged is:

| | | |
|---|---|---|
| Count One | Maximum sentence of ten (10) years | $250,000.00 fine |
| Count Two | Maximum sentence of twenty (20) years | $250,000.00 fine |
| Count Three | Maximum sentence of five (5) - twenty (20) years | $250,000.00 fine |
| Count Four | Maximum sentence of ten (10) years, consecutive | $250,000.00 fine |
| Count Five | Maximum sentence of ten (10) years | $250,000.00 fine |

1

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case, being from fifty-one (51) to sixty-three (63) months. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares my pre-sentence report in my case. This estimation is subject to challenge by either me or the government. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. [If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as otherwise required by law, restitution is mandatory.] I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I understand that I am not eligible for a sentence of probation if I receive any sentence or imprisonment or am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law, that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release, whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase any sentence that I receive, including up to life imprisonment; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. [If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.]

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness

CG

who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial, I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial, and that the Court may impose sentence upon me as if I had been convicted by a jury or, if there is one, may sentence me within the limits set forth in the plea agreement stated in paragraph (13) herein.

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea, they are fully set forth in paragraph (13) below. I understand that even with a plea agreement, no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(a)(A) or (C), I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B), I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked him to do and I am satisfied with his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: Voluntary plea of guilty to the offenses of (a) destruction of religious property in violation of 18 U.S.C. 247; and (b) use of fire to commit a felony in violation of 18 U.S.C. 844 (h).

(13) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the <u>Federal Rules of Criminal Procedure</u>. The plea agreement is as follows: See attached.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also, my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the indictment, in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(15) I am not under the influence of either drugs of alcohol.

(16) I request the Court to enter my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

3

CG

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this ___3rd___ day of ___Nov___, 2008.

_× Corey Yokeley_
Defendant

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

_Harold B. McDonough, Jr._
Attorney for Government

4

CG

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for Michael Corey Golden, hereby certifies as follows:

(1) I have read and fully explained to him all the accusations against him in this case;

(2) To the best of my knowledge and belief, each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion, the plea of "GUILTY" as offered by Michael Corey Golden in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in open court in the presence of Michael Corey Golden, this ___3rd___ day of ___November___, 2008.

_____
Attorney for the Defendant

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

CG

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:08-cr-00002 |
| v. ) | Judge Echols |
| ) | |
| MICHAEL COREY GOLDEN ) | |

## PLEA AGREEMENT

The United States of America, through Edward M. Yarbrough, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Harold B. McDonough, and defendant, Michael Corey Golden, through defendant's counsel, Michael Flanagan, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that he has been charged in the Superseding Indictment in this case with conspiracy to violate civil rights, in violation of Title 18, United States Code, Section 242; destruction of religious property, in violation of Title 18, United States Code, Sections 247 and 2; destruction of a building by use of fire and an explosive, in violation of Title 18, United States Code, Sections 844(i) and 2; using fire to commit a felony, in violation of Title 18, United States Code, Sections 844(h)(1) and 2; and unlawful possession of an unregistered destructive device, in violation of Title 26, United States Code, Sections 5761(d) and 5871, and Title 18, United States Code, Section 2.

2. Defendant has read the charges against him contained in the Superseding Indictment,

CG

and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts 2 and 4 the Superseding Indictment, charging destruction of religious property and use of fire to commit a felony. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the Superseding Indictment.

## Penalties

4. The parties understand and agree that the offenses to which defendant will enter a plea of guilty carry the following maximum penalties: with respect to Count 2 of the Superseding Indictment, a maximum of 20 years imprisonment, a maximum of 3 years supervised release, and a special assessment of $100; with respect to Count 4 of the Superseding Indictment, 10 years imprisonment to run consecutive to any other term of imprisonment imposed, a maximum of 3 years supervised release, and a special assessment of $100. Defendant further understands that the Court may order restitution to the victims of the offense.

## Acknowledgments and Waivers Regarding Plea of Guilty

## Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 1:08 CR 00002.

2

6. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

   (a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the all agreed to have no jury.

   (b) If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

   (c) If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

   (d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

3

CG

(e) At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts 2 and 4 of the Superseding Indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

9. With respect to Count 2 of the Superseding Indictment, on or about February 9, 2008, Defendant, acting in concert with and aiding and abetting Eric Ian Baker and Jonathan Stone, in Columbia, Tennessee in the Middle District of Tennessee, obtained empty bottles, gasoline, and rags, and used those materials to construct explosive devices. Defendant then traveled with his co-defendants to the Islamic Center of Columbia (hereinafter "the Islamic Center"), where he ignited one of the explosive devices and Stone ignited the other; they used the devices to set the Islamic Center aflame. The resulting fire destroyed the Islamic Center. Co-defendant Baker used black spray-paint to paint swastika symbols and write "White Power" and "We run the wold" [sic] on the walls of the Islamic Center. The gasoline used to construct the explosive devices traveled in interstate commerce, the Islamic Center was insured by an out-of-state company, the Islamic Center was used to lodge travelers from out of state, the Islamic Center received visitors from out of state for the purposes of religious instruction, the Islamic Center received funds from out of state, the

4

CG

Islamic Center was used to raise funds to send out of state, and the Islamic Center was used to organize groups traveling out of state. The day after the incident, the Defendant confessed to his involvement in the arson. Defendant acknowledges that he destroyed and defaced the Islamic Center because of the religious character of that property, that is, because it was associated with the Muslim faith.

With respect to Count 4 of the Superseding Indictment, on or about February 9, 2008, Defendant, acting in concert with and aiding and abetting Eric Ian Baker and Jonathan Stone, in Columbia, Tennessee in the Middle District of Tennessee, obtained empty bottles, gasoline, and rags, and used those materials to construct explosive devices. Defendant then traveled with his co-defendants to the Islamic Center, where he and Stone ignited the explosive devices and used them to set the Islamic Center aflame. The resulting fire destroyed the Islamic Center. The day after the incident, the Defendant confessed to his involvement in the arson. Defendant acknowledges that fire and explosives were used to commit a felony which may be prosecuted in a court of the United States, to wit, the crime of damage to religious property as defined by 18 U.S.C. § 247, charged in Count 2 of the Superseding Indictment, and acknowledged by the Defendant in the preceding paragraph.

This statement of facts is provided to assist the in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

10. The parties understand that the Court will take account of the United States

Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2008.

11. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree, pursuant to Rule 11(c)(1)(B), on the following:

    (a) **Offense Level Calculations.**

        i. The base offense level for Count Two is 24, pursuant to U.S.S.G. § 2K1.4(a)(1) as cross-referenced from § 2H1.1(a)(1).

        ii. A 3-level adjustment applies under § 3A1.1(a) because the Defendant intentionally selected the Islamic Center as the object of the offense because of the race, color, religion, national origin, and ethnicity of the people associated with the Islamic Center. The resulting adjusted offense level is 27.

        iii. The base offense level for Count Four is 120 months, to run consecutive with any other term of imprisonment imposed, in accordance with 18 U.S.C. § 844(h) and U.S.S.G. § 2K2.4(a).

        iv. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b),

6

CG

because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

      b.    **Criminal History Category.** The parties have no agreement as to the defendant's Criminal History Category.

12.    Defendant is aware that any estimate of the offense level or guidelines range that defendant may have received from defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court. Defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the U.S.S.G. recommendations of the parties, defendant will have no right to withdraw his guilty plea.

### Agreements Relating to Sentencing

13.    Regarding restitution, the parties acknowledge that Defendant may owe restitution to the Islamic Center, and that pursuant to Title 18, United States Code, Section 3663A, the Court

7

must order defendant to make restitution in the appropriate amount, minus any credit for funds repaid prior to sentencing. Unless the Court orders otherwise, restitution shall be due immediately.

14. Defendant agrees to pay the special assessment of $200 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

15. Each party is free to recommend whatever sentence it feels is appropriate

16. It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

## Presentence Investigation Report/Post-Sentence Supervision

17. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to

8

provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

19. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Waiver of Appellate Rights

20. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the guideline range as determined by the Courts plus 120 months. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to

9

Case 1:08-cr-00002 Document 60 Filed 11/03/08 Page 15 of 18 PageID #: 113

appeal any sentence within or above the guideline range as determined by the Court plus 120 months.

## Other Terms

21. The United States agrees not to seek additional criminal charges in the Middle District of Tennessee against defendant for the events between January 2 and January 9, 2008, which occurred in the Middle District of Tennessee and which he has described in his proffer provided to the United States. However, nothing in this Plea Agreement limits the United States in the prosecution of defendant in other districts or for crimes not disclosed in his proffer, except as expressly set forth in this Plea Agreement.

22. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

23. Defendant understands that the Superseding Indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

24. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

25. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

26. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

27. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Superseding Indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 11-3-04

_Corey Halden_ (signature)
Michael Corey Golden
Defendant

28. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have

11

reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 11-3-08

Michael Joseph Flanagan

Respectfully submitted,

Edward M. Yarbrough
United States Attorney

By: 
Harold B. McDonough, Jr.
Assistant U.S. Attorney

Eli Richardson
Criminal Chief

12